Robert J. Gibson (#144974)
Daniel S. Rodman (#156156)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000
hgibson@swlaw.com
drodman@swlaw.com

Attorneys for Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company, erroneously sued as GEICO Insurance

E-FILING
Filed
NOV 14 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SHAYAN MESBAHI, MOHAMMAD MESBAHI, MOSHEN TOOLAMI, MTM AUTOMOTOVE CORP., dba AUTO TECH COLLISION CENTER<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INSURANCE, ERIK STENTZ, DOES 1-20,<br><br>Defendants. | CASE NO. C07 05772 HRL<br><br>Originally filed in the Superior Court for the State of California, County of Santa Clara<br>Case No.: 107CV095590<br><br>**GEICO DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)**<br><br>**(Federal Question)**<br><br>[Filed concurrently with Declaration of Daniel S. Rodman; Demand for Jury Trial; Certification of Interested Entities or Persons]<br><br>Complaint Filed: October 2, 2007<br>Trial Date: None |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

1. PLEASE TAKE NOTICE that Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company, erroneously sued as GEICO Insurance (collectively, "GEICO"), hereby remove to this Court the state court action described below.

2. On October 2, 2007, an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara entitled, *Shayan Mesbahi;*

*Mohammad Mesbahi; Moshen Toolami; MTM Automotive Corp. dba Auto Tech Collision Center v. GEICO Insurance, Erik Stentz, and Does 1-20,* Case No. 107CV095590.

3. GEICO was served with a copy of the Summons and Complaint on October 16, 2007. A copy of the Summons and Complaint are attached as Exhibit 1.

4. This action is a civil action of which this Court has original, federal question jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4), and is one which may be removed to this Court by GEICO pursuant to 28 U.S.C. §1441(b), in that Plaintiffs' fourth cause of action alleges racial and national origin discrimination in violation of 42 U.S.C. §1981.

5. In particular, 42 U.S.C. §1981 is a federal equal protection statute. According to the Complaint, Plaintiffs' Fourth Cause of Action alleges that GEICO violated 42 U.S.C. §1981 when GEICO allegedly "eliminated" Auto Tech Collision Center from GEICO's Repair Express program based upon Plaintiffs' Persian ancestry. *See,* Complaint at ¶¶41-43. All of Plaintiffs' other causes of action are premised upon GEICO and/or its employee, Eric Stentz's, alleged racial and/or national origin "animus" toward Plaintiffs. *See,* Complaint at ¶¶24, 32, 38, 49, 56, 58.

6. A District Court has original, federal question jurisdiction of a 42 U.S.C. §1981 claim under 28 U.S.C. §1343(a)(4), which provides in pertinent part, "The District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . to recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights."

7. Original federal question jurisdiction also exists under 28 U.S.C. §1331 which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. 28 U.S.C. §1367 provides that the Court can assert supplemental jurisdiction over a plaintiff's state-law claims if it has original jurisdiction over at least one of the plaintiff's other claims.

9. "If a party seeking to invoke federal jurisdiction asserts a substantial claim under [42 U.S.C. Section] 1981, then the jurisdictional prerequisite is satisfied." *Chasis v. Progress Manufacturing Co.* (3rd. Cir. 1967) 382 F. 2d 773, 776. *See also, Courtney v. Canyon Television & Appliance Rental, Inc.* (9th Cir. 1990) 899 F. 2d 845, 848 (holding that the district court had federal question jurisdiction of plaintiffs' 42 U.S.C. §1981 claim under 28 U.S.C. §1343(a)(4), and had supplemental jurisdiction over plaintiffs' state claims; *Gray v. Aramark* (2007 SD TX) 2007 U.S. Dist. LEXIS 37171 (holding that when a complaint unambiguously states a claim under 42 U.S.C. §1981, the court has federal question jurisdiction.); *Negrete v. Maloof Disrib. LLC* (2006 ND NM) 2006 U.S. Dist. LEXIS 95232 (holding that claims under 42 U.S.C. §1981 require invocation of jurisdiction under the general federal question statute, 28 U.S.C. §1331.); *Cabell v. Chavez-Salido* (1982) 454 U.S. 432, 434, n. 4 (stating that district court correctly concluded that plaintiffs stated a claim under 42 U.S.C. §1981 with jurisdiction in the federal district court under 28 U.S.C. §1331.)

10. As pled, and without admitting the legal sufficiency of any of Plaintiffs' claims, Plaintiffs' Complaint unambiguously states a cause of action under 42 U.S.C. §1981. *See*, Complaint at ¶¶40-46. Accordingly, based upon the Complaint, removal is proper on federal question grounds pursuant to 28 U.S.C. §1441(b), and the Court is authorized to assert supplemental jurisdiction over Plaintiffs' other related, state-law causes of action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

11. Finally, the other named defendant in this action, Erik Stentz, who is an employee of GEICO, has not been served with Plaintiff's Summons and Complaint. *See, Declaration of Daniel S. Rodman*, ¶2. Therefore, Mr. Stentz need not join in GEICO's Notice of Removal. *See, Salveson v. Western States Bankcard Association* (9th Cir. 1984) 731 F.2d 1423; *Gossmeyer v. McDonald* (7th Cir. 1997) 128 F. 3d 481, 489.

Dated: November 13, 2007

SNELL & WILMER L.L.P.

By: _____
Robert J. Gibson
Daniel S. Rodman
Attorneys for Defendants
GEICO Casualty Company, GEICO Indemnity Company, and
GEICO General Insurance Company

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GEICO INSURANCE, ERICK STENTZ; DOES 1-20

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2007 OCT -2 PM 12:41

B. CHOPOFF

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHAYAN MESBAHI; MOHAMMAD MESBAHI; MOSHEN TOOLAMI; MTM
AUTOMOTIVE CORP. dba AUTO TECH COLLISION CENTER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

**CASE NUMBER:** *(Número del Caso):* 107CV095590

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113
Santa Clara County Superior Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT DAVID BAKER, ESQ.    408 292-8555    408 292-0703
LAW OFFICE OF ROBERT DAVID BAKER
1611 THE ALAMEDA
SAN JOSE, CA 95126

DATE: OCT 0 2 2007    Kiri Torre, Chief Executive Officer/Clerk    B. CHOPOFF
*(Fecha)*    Clerk, by _____, Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Geico General Insurance Company as DOE 2
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10-17-07 9:35 AM

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GEICO INSURANCE, ERICK STENTZ; DOES 1-20

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2007 OCT -2 PM 12:41

B. CHOPOFF

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHAYAN MESBAHI; MOHAMMAD MESBAHI; MOSHEN TOOLAMI; MTM AUTOMOTIVE CORP. dba AUTO TECH COLLISION CENTER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113
Santa Clara County Superior Court

**CASE NUMBER:** *(Número del Caso):* 107CV095590

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT DAVID BAKER, ESQ.            408 292-8555     408 292-0703
LAW OFFICE OF ROBERT DAVID BAKER
1611 THE ALAMEDA
SAN JOSE, CA 95126

DATE: OCT 0 2 2007    Kiri Torre, Chief Executive Officer/Clerk    B. CHOPOFF
*(Fecha)*                Clerk, by _____, Deputy
                         *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Geico Casualty Company as Doe 3
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1-17-07 9:35A

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GEICO INSURANCE, ERICK STENTZ; DOES 1-20

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2007 OCT -2 PM 12:41

[stamp] ...CA...ARA... B. CHOPOFF

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHAYAN MESBAHI; MOHAMMAD MESBAHI; MOSHEN TOOLAMI; MTM AUTOMOTIVE CORP. dba AUTO TECH COLLISION CENTER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113
Santa Clara County Superior Court

**CASE NUMBER:** 107CV095590

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT DAVID BAKER, ESQ.
LAW OFFICE OF ROBERT DAVID BAKER
1611 THE ALAMEDA
SAN JOSE, CA 95126

Kiri Torre   408 292-8555   408 292-0703
**Chief Executive Officer/Clerk**

DATE: OCT 0 2 2007   Clerk, by _____ B. CHOPOFF, Deputy
*(Fecha)*                  *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Geico Indemnity Company AS DOE 1
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12-17-57  9:35A

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

LAW OFFICES OF ROBERT DAVID BAKER
Robert David Baker, Esq. (87314)
Tim Reed, Esq. (242578)
1611 The Alameda
San Jose, CA 95126
(408) 292-8555

Attorney for Plaintiffs
SHAYAN MESBAHI, MOHAMED MESBAHI,
MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP.



FILED
07 OCT -4 PM 1:32
CHIEF EXECUTIVE OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY _____ A. Ilas _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF SANTA CLARA

| | |
|---|---|
| SHAYAN MESBAHI; MOHAMMAD MESBAHI; MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP. dba AUTO TECH COLLISION CENTER;<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INSURANCE; ERICK STENTZ; Does 1-20<br><br>Defendants. | Case No. 107 CV 095590<br><br>AMENDMENT OF COMPLAINT TO ADD DOE DEFENDANTS |

Plaintiffs amend the complaint in the above-entitled matter to add as DOE Defendants 1, 2, and 3: Geico Indemnity Company; Geico General Insurance Company; Geico Casualty Company.

Dated: October 3, 2007

_____
Robert David Baker, Esq.
Attorney for Plaintiffs

Mesbahi, et al. v. Geico Insurance, et al.
Amendment of Complaint to Add Doe Defendants-
PAGE-1

LAW OFFICES OF ROBERT DAVID BAKER
Robert David Baker, Esq. (87314)
Tim Reed, Esq. (242578)
1611 The Alameda
San Jose, CA 95126
(408) 292-8555

Attorney for Plaintiffs
SHAYAN MESBAHI, MOHAMED MESBAHI,
MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP.

FILED   UCS
OCT -2 07

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

FILED Santa Clara Co
10/02/07   1:47pm
Kiri Torre
Chief Executive Offic
By: bettyc  OTSCIV0101
R#2007000098038
CK                    $320.00
TL                    $320.00
Case: 1-07-CV-095590

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF SANTA CLARA

SHAYAN MESBAHI; MOHAMMAD MESBAHI; MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP. dba AUTO TECH COLLISION CENTER;

Plaintiffs,

vs.

GEICO INSURANCE; ERICK STENTZ;

Does 1-20

Defendants.

Case No. 1 0 7 C V 0 9 5 5 9 0

COMPLAINT FOR DAMAGES

## JURISDICTIONAL STATEMENT

1. The events hereinafter alleged hereinafter took place in the County of Santa Clara;

2. The contracts stated hereinafter were to be performed in the county of Santa Clara, California;

3. Defendant Geico is a corporation during business in California, with a principal place of business in the county of Santa Clara, California;

4. Plaintiffs are informed an believe that Defendant ERICK STENTZ is a resident of the county of Santa Clara, California;

### STATEMENT OF OPERATIVE FACTS

5. On or around January 1992, the individual Plaintiffs formed Auto Tech Collision Center, which was thereafter owned by MTM Automotive Corp.("MTM"), a California corporation. The individual defendants are the sole shareholders of MTM;

6. In 2000; Plaintiffs and Defendant Geico entered into an economic relationship, which consisted of a series of contracts whereby Geico would refer auto repair customers to Auto Tech for vehicle repair;

7. As a result of the service rendered to Geico by Auto, in 2004, Geico made Auto Tech its first Repair Xpress shop in Santa Clara County. Such a designation recognized Auto Tech's superior skills;

8. In 2005, Auto Tech received awards from Geico for "Most Improved Shop" and "Best Supplement Frequency";

9. Between 2000 and November 2006, Geico had two claims adjusters working full-time exclusively at Auto Tech. During this period of time, Geico referred approximately 35 cars to Auto Tech each week;

10. In November 2006, John Hicks, then Northern California Manager at Geico, assured Plaintiffs that both adjusters would remain at MTM even if additional Repair Xpress shops were added in the Bay Area. Hicks was authorized by Geico

to make this statements. Plaintiffs relied on this statement by Hicks and proceeded to purchase the building in which Auto Tech was then located and made certain improvements thereto;

11. In December 2006, John Hicks left his position at Geico;

12. In January 2007, Geico hired Erick Stentz to fill the position vacated by Hicks;

13. On or around February 3, 2007, Stentz caused removed one of its adjusters from Auto Tech;

14. In March 2007, Stentz placed a phone call to Shayan Mesbahi for the purpose of demanding a written explanation as to why Auto Tech's cycle times were high. Plaintiffs are informed and believe that at this time, Auot Tech's cycle times were not high;

15. On or around April 27, 2007, Stentz pulled its other adjuster from Auto Tech;

16. Shortly after the adjusters were pulled from Auto Tech, Auto Tech's marketing agent placed a phone call to Stentz for the purpose of inquiring about the pullout of the adjusters. During this phone call, Stentz was insulting and condescending of the individual Plaintiffs;

17. On or around May 1, 2007, and as a direct result of the downturn in work caused by the Geico pullout of its adjusters from Auto Tech, Auto Tech was forced to lay off 18 employees;

18. On or around June 1, 2007, MTM was forced to lay off more employees;

19. Geico currently has a part-time adjuster at Auto Tech;

20. The individual Plaintiffs are of Persian ancestry;

21. On or around August 8, 2007, Plaintiffs filed charges of discrimination with the Department of Fair Employment and Housing. On August 23, 2007, Plaintiffs received Right to Sue letters;

22. The conduct of Stentz was authorized and ratified by Geico;

### FIRST CAUSE OF ACTION
(Interference with Prospective Business Advantage)
(As to Defendant Stentz)

23. Plaintiffs incorporate those paragraphs 1 through 22 as if set forth hereinafter in their entirety;

24. Plaintiff's are informed and believe that Eric Stentz harbored a racial/national origin animus against Plaintiffs because of their Persian ancestry and national origin;

25. The conduct of Stentz in falsely accusing Auto Tech of a high cycle time and removing the adjusters was intentional and based on his racial/national origin animus against Plaintiffs;

26. Stentz' conduct intentionally disrupted Plaintiffs' economical relationship with Geico;

27. As a proximate result of the conduct of Stentz, Plaintiffs have economic loss;

28. As a proximate result of the conduct of Stentz, Plaintiffs have suffered emotion distress;

29. The conduct of Defendants was willful, malicious, oppressive, fraudulent, and done with reckless disregard for the rights and safety of Plaintiffs and as such Plaintiffs pray for an award of punitive damages to deter such conduct in the future;

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER;

### SECOND CAUSE OF ACTION
(Interference with Contract)
(As to Defendant Stentz)

30. Plaintiffs incorporate those paragraphs 1 through 29 as if set forth hereinafter in their entirety;

31. Plaintiffs had a contract with Geico;

32. Stentz intentionally interfered with Plaintiffs contract with Geico and Plaintiffs;

33. As a proximate result of the conduct of Stentz, Plaintiffs have economic loss;

34. As a proximate result of the conduct of Stentz, Plaintiffs have suffered emotion distress;

35. The conduct of Defendants was willful, malicious, oppressive, fraudulent, and done with reckless disregard for the rights and safety of Plaintiffs and as such Plaintiffs pray for an award of punitive damages to deter such conduct in the future;

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER;

### THIRD CAUSE OF ACTION
(Breach Of The Covenant Of Good Faith And Fair Dealing)
(As to Defendant Geico)

36. Plaintiffs incorporate those paragraphs 1 through 34 as if set forth hereinafter in their entirety;

37. Every contract contains a covenant of good faith and fair dealing which imposes upon the parties a duty of good faith in the performance and enforcement of the

contract and prohibits the parties from doing anything that will hinder or injure the other party under the contract;

38. Defendant breached the duty of good faith and fair dealing by falsely accusing Auto Tech of having high cycle times as a pretextual reason for pulling out its adjusters from Auto Tech's business premises;

39. As a proximate result of the breach of the covenant of good faith and fair dealing, Plaintiffs have economic loss;

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER;

### FOURTH CAUSE OF ACTION
(Racial and National Origin Discrimination in Violation of 42 USC § 1981)
(As to all Defendants)

40. Plaintiffs incorporate those paragraphs 1 through 39 as if set forth hereinafter in their entirety;

41. The individual Plaintiffs, by virtue of their ethnicity, and Auto Tech by virtue of its 100% minority ownership, are members of a protected class of individuals, against whom discrimination is not allowed in the making and enforcing of contracts;

42. The reasons for eliminating Auto Tech from the Repair Express program were pretextual;

43. Other persons non-Persians similarly situated, were not so treated;

44. As a proximate result of the conduct of Defendants, Plaintiffs have suffered economic damage;

45. As a result of the conduct of Defendants, Plaintiffs have suffered emotional distress;

46. The conduct of Defendants was willful, malicious, oppressive, fraudulent, and done with reckless disregard for the rights and safety of Plaintiffs and as such Plaintiffs pray for an award of punitive damages to deter such conduct in the future;

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER;

### FIFTH CAUSE OF ACTION
(Racial and Ethnic Discrimination in Violation of Civ. Code § 51)
(As to all Defendants)

47. Plaintiffs incorporate those paragraphs 1 through 46 as if set forth hereinafter in their entirety;

48. The individual Plaintiffs, by virtue of their ethnicity, and Auto Tech by virtue of its 100% minority ownership, are members of a protected class of individuals, against whom discrimination is not allowed in the making and enforcing of contracts;

49. The reasons for eliminating Auto Tech from the Repair Express program were pretextual;

50. Other non-Persians, similarly situated, were not subject to such treatment;

51. As a proximate result of the conduct of Defendants, Plaintiffs suffered economic damage;

52. As a result of the conduct of Defendants, Plaintiffs have suffered emotional distress;

53. The conduct of Defendants was willful, malicious, oppressive, fraudulent, and done with reckless disregard for the rights and safety of Plaintiffs and as such Plaintiffs pray for an award of punitive damages to deter such conduct in the future;

### SIXTH CAUSE OF ACTION
(Estoppel)
(As to Geico)

54. Plaintiffs incorporate those paragraphs 1 through 53 as if set forth hereinafter in their entirety;

55. Plaintiffs justifiably relied on the representation of John Hicks that, even if additional Repair Express shops were created in the Bay Area, Auto Tech would remain to be a Repair Express shop;

56. As a result of this promise, Geico is estopped from denying Auto Tech business at the same or comparable level as a Repair Express shop.

### SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress!)
(As to All Defendants)

57. Plaintiffs incorporate those paragraphs 1 through 56 as if set forth hereinafter in their entirety;

58. The conduct of Defendants was beyond all bounds of human decency and should not be tolerated in a civilized society;

59. As a proximate result of the conduct of Defendants, Plaintiffs have suffered economic damage;

60. As a result of the conduct of Defendants, Plaintiffs have suffered emotional distress;

61. The conduct of Defendants was willful, malicious, oppressive, fraudulent, and done with reckless disregard for the rights of Plaintiffs and Plaintiffs are entitled to punitive damages to deter such conduct in the future;

THEREFORE, PLAINTIFFS PRAY FOR JUDGMENT AS FOLLWS:

1. For Compensatory damages according to proof;
2. For Special damages according to proof;
3. For exemplary damages;
4. For attorney fees according to the Fourth and Fifth Causes of Action;
5. For Prejudgment interest;
6. For any and further relief as this court may deem proper.

Dated: September 28, 2007

_____
Robert David Baker, Esq.
Attorney for Plaintiffs

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On _Nov. 14_, 2007 I served, in the manner indicated below, the foregoing document described as:

**GEICO DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.S. §1441(B)**
**(Federal Question)**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF COUNSEL** | Robert David Baker, Esquire<br>Tim Reed, Esquire<br>LAW OFFICES OF ROBERT DAVID BAKER<br>1611 The Alameda<br>San Jose, California 95126<br>408.292.8555<br>408.292.0703, fax |
|---|---|

✓ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(a)(3)).

✓ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on _Nov. 14_, 2007, at Costa Mesa, California.

_Cheryl Wynn_
Cheryl Wynn