Robert J. Gibson (#144974)
Daniel S. Rodman (#156156)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000
hgibson@swlaw.com
drodman@swlaw.com

Attorneys for Defendants GEICO Casualty
Company, GEICO Indemnity Company, and
GEICO General Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHAYAN MESBAHI, MOHAMMAD MESBAHI, MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP., dba AUTO TECH COLLISION CENTER<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INSURANCE, ERIK STENTZ, DOES 1-20,<br><br>Defendants. | CASE NO. C07 05772 HRL<br><br>Honorable Howard R. Lloyd<br>Courtroom 2<br><br>**GEICO DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>Date of Removal: November 14, 2007<br>Trial Date:         None |

Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company ("GEICO"), answer the Complaint of Plaintiffs Shayan Mesbahi, Mohammad Mesbahi, Moshen Toolami, MTM Automotive Corp., dba Auto Tech Collision Center ("Plaintiffs"), with the following admissions, denials and allegations.

## I.

## GEICO'S ANSWER TO GENERAL ALLEGATIONS

1.   Answering paragraph 1, GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and, therefore, GEICO denies them.

555827.3

2. Answering paragraph 2, GEICO denies the existence of any contract between Plaintiffs and GEICO. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

3. Answering paragraph 3, GEICO admits that it is a Maryland corporation with its principal place of business in Maryland, as are all the GEICO affiliated companies named herein. GEICO further admits that GEICO is licensed to transact business in, and do transact business in, California. GEICO denies that its principal place of business is in Santa Clara, California. GEICO denies all other allegations not specifically admitted in this paragraph.

4. Answering paragraph 4, GEICO is informed and believes that Erik Stentz resides in Santa Clara County.

5. Answering paragraph 5, GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and, therefore, GEICO denies them.

6. Answering paragraph 6, GEICO admits that during the time period alleged, some of its customers have had repairs performed by Auto Tech, and during certain times GEICO guaranteed those repairs. GEICO denies that it ever entered into any contract with Plaintiffs. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

7. Answering paragraph 7, GEICO admits that, for a certain period of time, Auto Tech was a GEICO Auto Repair Xpress shop in Santa Clara County. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

8. Answering paragraph 8, GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph.

9. Answering paragraph 9, GEICO admits that, at certain times during the period alleged, GEICO had two claims adjusters working at Auto Tech. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

10. Answering paragraph 10, GEICO denies that John Hicks made the statements attributed to him. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

11. Answering paragraph 11, GEICO admits that John Hicks was employed by GEICO in Northern California as Auto Damage Manager for Region 4 from September 1996 to January 2007, at which time he accepted another position in GEICO.

12. Answering paragraph 12, GEICO admits that Erik Stentz became GEICO's Auto Damage Manager for Region 4 in Northern California on or about January 29, 2007.

13. Answering paragraph 13, GEICO denies the allegations set forth in this paragraph.

14. Answering paragraph 14, GEICO is informed and believes that in March 2007, Erik Stentz requested that Auto Tech provide a written action plan for improving its auto repair cycle times. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

15. Answering paragraph 15, in April 2007, GEICO admits that it reassigned an adjuster who had been working at Auto Tech to another body shop. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

16. Answering paragraph 16, GEICO is informed and believes that, in or around May 2007, an Auto Tech representative contacted Erik Stentz by telephone regarding the status of GEICO adjusters working at Auto Tech. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set

forth in this paragraph and, therefore, GEICO denies them.

17. Answering paragraphs 17 and 18, GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

18. Answering paragraph 19, GEICO admits that, as of the time of this Answer, it has an adjuster at Auto Tech two days each week.

19. Answering paragraphs 20 and 21, GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in these paragraphs.

20. Answering paragraph 22, GEICO admits that Erik Stentz is an employee of GEICO. GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

## II.

## GEICO'S ANSWER TO FIRST CAUSE OF ACTION FOR ALLEGED INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE AS TO DEFENDANT STENTZ

21. Answering paragraph 23, GEICO incorporates its responses to the allegations contained in Paragraphs 1 through 22 of Plaintiffs' Complaint.

22. Answering paragraphs 23 through 29, this cause of action is not directed toward GEICO, however, to the extent any allegations contained in these paragraphs pertain either directly or indirectly to GEICO, GEICO denies those allegations.

## III.

## GEICO'S ANSWER TO SECOND CAUSE OF ACTION FOR ALLEGED INTERFERENCE WITH CONTRACT AS TO DEFENDANT STENTZ

23. Answering paragraph 30, GEICO incorporates its responses to the allegations contained in Paragraphs 1 through 29 of Plaintiffs' Complaint.

24. Answering paragraphs 31 through 35, this cause of action is not directed toward GEICO, however, to the extent any allegations contained in these paragraphs pertain either directly or indirectly to GEICO, GEICO denies those allegations.

## IV.

## GEICO'S ANSWER TO THIRD CAUSE OF ACTION FOR ALLEGED BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AS TO DEFENDANT GEICO

25. Answering paragraph 36, GEICO incorporates its responses to the allegations contained in Paragraphs 1 through 35 of Plaintiffs' Complaint.

26. Answering paragraphs 37 through 39, GEICO denies the allegations set forth in these paragraphs.

## V.

## GEICO'S ANSWER TO FOURTH CAUSE OF ACTION FOR ALLEGED RACIAL AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981 AS TO ALL DEFENDANTS

27. Answering paragraph 40, GEICO incorporates its responses to the allegations contained in Paragraphs 1 through 39 of Plaintiffs' Complaint.

28. Answering paragraph 41 GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies them.

29. Answering paragraphs 42 through 46, GEICO denies the allegations set forth in these paragraphs.

## VI.

## GEICO'S ANSWER TO FIFTH CAUSE OF ACTION FOR ALLEGED RACIAL AND ETHNIC DISCRIMINATION IN VIOLATION OF CIVIL CODE §51 AS TO ALL DEFENDANTS

30. Answering paragraph 47, GEICO incorporates its responses to the allegations contained in Paragraphs 1 through 46 of Plaintiffs' Complaint.

31. Answering paragraph 48 GEICO is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, GEICO denies the allegations.

32. Answering paragraphs 49 through 53, GEICO denies the allegations set forth in these paragraphs.

## VII.

## GEICO'S ANSWER TO SIXTH CAUSE OF ACTION FOR ESTOPPEL AS TO GEICO

33. Answering paragraph 54, GEICO incorporates its responses to the allegations contained in Paragraphs 1 through 53 of Plaintiffs' Complaint.

34. Answering paragraphs 55 and 56, GEICO denies the allegations set forth in these paragraphs.

## VIII.

## GEICO'S ANSWER TO SEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

35. Answering paragraph 57, GEICO incorporates its responses to the allegations contained in Paragraphs 1 through 56 of Plaintiffs' Complaint.

36. Answering paragraphs 58 through 61, GEICO denies the allegations set forth in these paragraphs.

## IV.

## GEICO'S ANSWER TO PLAINTIFFS' PRAYER FOR JUDGMENT

37. GEICO denies that Plaintiffs are entitled to recover any type of damages in this case including, but not limited to, compensatory, special, restitutionary and/or punitive damages. GEICO further denies that Plaintiffs are entitled to recover attorneys' fees, interest and/or costs. Finally, GEICO denies that Plaintiffs are entitled to recover any type of equitable or non-equitable relief in this case.

///

///

## X.

## **GEICO'S AFFIRMATIVE DEFENSES**

38. GEICO is informed and believes that the Complaint, and each separate cause of action alleged in it, fails to state facts sufficient to constitute a cause of action against GEICO.

39. GEICO is informed and believes that Plaintiffs have failed to allege any injury to their business and/or property and, therefore, Plaintiffs are not entitled to recover any damages in this action.

40. GEICO is informed and believes that Plaintiffs have failed to exhaust administrative and other remedies.

41. GEICO is informed and believes that Plaintiffs' claims are barred by the applicable statutes of limitation.

42. GEICO is informed and believes that Plaintiffs have failed to mitigate their claimed damages.

43. GEICO is informed and believes that Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel and/or waiver, issue preclusion, claim preclusion and lack of clean hands.

44. GEICO is informed and believes that Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

45. GEICO is informed and believes that Plaintiffs' claims are barred because their claimed damages are the result of: (1) Plaintiffs' own conduct; or, (2) the conduct of others over which GEICO had no authority or control.

46. GEICO alleges all affirmative defenses contemplated in Rule 8(c), Fed. R. Civ. P., including, but not limited to, failure of consideration, laches, license, payment, release, waiver, and any other matter constituting an avoidance or affirmative defense.

47. GEICO is informed and believes that there was never any contract, or privity of contract, between Plaintiffs and GEICO that would allow Plaintiffs to bring the claims alleged in this matter.

48. GEICO is informed and believes that Plaintiffs lack the necessary relationship with GEICO, contractual or otherwise, to pursue their claims in this instance, and have suffered no actual harm based on the conduct alleged.

49. GEICO is informed and believes that because there was never any contract, or privity of contract, between Plaintiffs and GEICO, GEICO could not have breached any covenant of good faith and fair dealing allegedly made to Plaintiffs.

50. GEICO is informed and believes that it did not ever discriminate against Plaintiffs in the alleged making, performance, modification, and/or termination of any contract, or the enjoyment of any alleged benefits, privileges, terms, and conditions of any alleged contractual relationship with Plaintiffs and, therefore, Plaintiffs' cause of action under 42 U.S.C. §1981 fails as a matter of law.

51. GEICO is informed and believes that it did not ever deny Plaintiffs any alleged accommodation, advantage, facility, privilege or service on the basis of sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status or sexual orientation and, therefore, Plaintiffs' cause of action under the Unruh Civil Rights Act, California Civil Code §51, fails as a matter of law.

52. GEICO is informed and believes that to the extent Plaintiffs claim they relied on any representations allegedly made to them by GEICO, Erik Stentz, and/or anyone else involved in this action, Plaintiffs' alleged reliance on those representations was unjustified.

53. GEICO is informed and believes that Plaintiffs cannot establish any economic damages under any of their claims for relief with reasonable certainty.

54. GEICO is informed and believes that Plaintiffs' Complaint fails to allege facts that would entitle Plaintiffs to punitive damages.

55. GEICO is informed and believes that Plaintiffs' claim for punitive damages violates GEICO's right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 7, of the California Constitution, in that: (i) neither Civil Code Section 3294 nor any other

1  provision of California law provides an adequate or meaningful standard for determining
2  the nature of the conduct upon which an award of punitive damages may be based, or for
3  determining or reviewing the amount of a punitive damage award; and (ii) neither Civil
4  Code Section 3294, nor any other provision of California Law, provides adequate
5  procedural safeguards for the imposition of punitive damages, including, but not limited
6  to,

     a)    imposing such damages only upon the presentation of evidence beyond a reasonable doubt;

     b)    protecting the defendant's privilege against self incrimination;

     c)    providing for a unanimous jury verdict as to the punitive damages portion of any adverse judgment.

56.  GEICO is informed and believes that the imposition of punitive damages in this case would violate GEICO's right to protection from "excessive fines" as provided in Article 1, Section 17 of the California Constitution.

57.  GEICO is informed and believes that the imposition of punitive damages in this case would violate the Commerce Clause of the United States Constitution.

58.  GEICO is informed and believes that Plaintiffs' punitive damage claim is preempted by federal law.

59.  GEICO reserves the right to raise additional defenses as may be available upon further discovery and under applicable substantive law.

///
///
///
///
///
///
///
///

# **PRAYER**

1. WHEREFORE, GEICO respectfully prays as follows:

2. For dismissal of the Complaint with prejudice;

3. For judgment in favor of GEICO and against Plaintiffs;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: November 19, 2007                           SNELL & WILMER L.L.P.


                                                   By://s//Robert J. Gibson
                                                   Robert J. Gibson
                                                   Daniel S. Rodman
                                                   Attorneys for Defendants
                                                   GEICO Casualty Company, GEICO
                                                   Indemnity Company, and
                                                   GEICO General Insurance Company

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On November 19, 2007 I served, in the manner indicated below, the foregoing

**GEICO DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF'S COUNSEL** | Robert David Baker, Esquire<br>Tim Reed, Esquire<br>LAW OFFICES OF ROBERT DAVID BAKER<br>1611 The Alameda<br>San Jose, California 95126<br>408.292.8555<br>408.292.0703, fax |
|---|---|

__X__   BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 45, electronic filing constitutes service upon the parties.

__X__   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on November 19, 2007, at Costa Mesa, California.

//s//
Cheryl Wynn

555827.3

11

GEICO'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES
CASE NO. C07 05772 HRL