Sheila Carmody (*pro hac vice*)
Robert J. Gibson (#144974)
Daniel S. Rodman (#156156)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000
scarmody@swlaw.com
hgibson@swlaw.com

Attorneys for Defendants GEICO Casualty
Company, GEICO Indemnity Company,
GEICO General Insurance Company
(*erroneously sued as GEICO Insurance*), and
Erik Stentz (*erroneously sued as Erick Stentz)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

| | |
|---|---|
| SHAYAN MESBAHI, MOHAMMAD MESBAHI, MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP., dba AUTO TECH COLLISION CENTER<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INSURANCE; ERICK [sic] STENTZ; Does 1-20,<br><br>Defendants. | CASE NO. C07 05772 JF<br><br>Honorable Jeremy Fogel<br>Courtroom: 3<br><br>**DEFENDANT ERIK STENTZ'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**<br><br>Complaint Filed: October 2, 2007<br>Trial Date:         None |

Defendant Erik Stentz answers the unverified Complaint of Plaintiffs Shayan Mesbahi, Mohammad Mesbahi, Moshen Toolami, and MTM Automotive Corp., dba Auto Tech Collision Center ("Plaintiffs"), with the following admissions, denials, allegations and affirmative defenses.

## I.

## **ANSWER TO GENERAL ALLEGATIONS**

1.   Answering paragraph 1, Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and, therefore, he denies them.

2. Answering paragraph 2, Erik Stentz denies the existence of any contract between Plaintiffs and GEICO. Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

3. Answering paragraph 3, Erik Stentz admits that GEICO does business in California. Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

4. Answering paragraph 4, Erik Stentz admits that he resides in Santa Clara County, California.

5. Answering paragraph 5, Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and, therefore, he denies them.

6. Answering paragraph 6, Erik Stentz admits that during the time period alleged, some of GEICO's customers have had repairs performed by Auto Tech, and during certain times GEICO guaranteed those repairs. Erik Stentz denies the existence of any contract between Plaintiffs and GEICO. Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

7. Answering paragraph 7, Erik Stentz admits that, for a certain period of time, Auto Tech was a GEICO Auto Repair Xpress shop in Santa Clara County. Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

8. Answering paragraph 8, Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

9.    Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and, therefore, he denies them.

10.    Answering paragraph 10, Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and, therefore, he denies them.

11.    Answering paragraph 11, Erik Stentz admits that in or around December 2006, John Hicks, who was GEICO's Auto Damage Manager for Region 4 in Northern California, accepted another position with GEICO. Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

12.    Answering paragraph 12, Erik Stentz admits that he became GEICO's Auto Damage Manager for Region 4 in Northern California on or about January 29, 2007.

13.    Answering paragraph 13, Erik Stentz denies the allegations set forth in this paragraph.

14.    Answering paragraph 14, Erik Stentz admits that in March 2007, he requested that Auto Tech provide a written action plan for improving its auto repair cycle times. Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

15.    Answering paragraph 15, Erik Stentz admits that in April 2007, GEICO reassigned an adjuster who had been working at Auto Tech to another body shop. Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

16.    Answering paragraph 16, Erik Stentz admits that, in or around May 2007, an Auto Tech representative contacted him by telephone regarding the status of GEICO adjusters working at Auto Tech. Erik Stentz denies making any insulting or condescending statements about Plaintiffs.

1  17. Answering paragraphs 17 and 18, Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in these paragraphs and, therefore, he denies them.

18. Answering paragraph 19, Erik Stentz admits that, as of the time of this Answer, GEICO has an adjuster at Auto Tech two days each week.

19. Answering paragraphs 20 and 21, Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in these paragraphs and, therefore, he denies them.

20. Answering paragraph 22, Erik Stentz admits he is an employee of GEICO, however, he denies that he engaged in any wrongful conduct individually, or on behalf of GEICO. Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations set forth in this paragraph and, therefore, he denies them.

## II.

## ANSWER TO FIRST CAUSE OF ACTION FOR ALLEGED INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

21. Answering paragraph 23, Erik Stentz incorporates his responses to the allegations contained in Paragraphs 1 through 22 of Plaintiffs' Complaint.

22. Answering paragraphs 24-29, Erik Stentz denies the allegations set forth in these paragraphs.

## III.

## ANSWER TO SECOND CAUSE OF ACTION FOR ALLEGED INTERFERENCE WITH CONTRACT

23. Answering paragraph 30, Erik Stentz incorporates his responses to the allegations contained in Paragraphs 1 through 29 of Plaintiffs' Complaint.

24. Answering paragraphs 31 through 35, Erik Stentz denies the allegations set forth in these paragraphs.

## IV.

## **ANSWER TO THIRD CAUSE OF ACTION FOR ALLEGED BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AS TO DEFENDANT GEICO**

25. Answering paragraph 36, Erik Stentz incorporates his responses to the allegations contained in Paragraphs 1 through 35 of Plaintiffs' Complaint.

26. Answering paragraphs 37 through 39, this cause of action is not directed toward Erik Stentz, however, to the extent any allegations contained in these paragraphs pertain either directly or indirectly to Erik Stentz, Erik Stentz denies those allegations.

## V.

## **ANSWER TO FOURTH CAUSE OF ACTION FOR ALLEGED RACIAL AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981**

27. Answering paragraph 40, Erik Stentz incorporates his responses to the allegations contained in Paragraphs 1 through 39 of Plaintiffs' Complaint.

28. Answering paragraph 41, Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and, therefore, he denies them.

29. Answering paragraphs 42 through 46, Erik Stentz denies the allegations set forth in these paragraphs.

## VI.

## **ANSWER TO FIFTH CAUSE OF ACTION FOR ALLEGED RACIAL AND ETHNIC DISCRIMINATION IN VIOLATION OF CIVIL CODE §51**

30. Answering paragraph 47, Erik Stentz incorporates his responses to the allegations contained in Paragraphs 1 through 46 of Plaintiffs' Complaint.

31. Answering paragraph 48, Erik Stentz is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph and, therefore, he denies them.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8773382.1    5    Case No. C07 05772 JF
ERIK STENTZ'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

32. Answering paragraphs 49 through 53, Erik Stentz denies the allegations set forth in these paragraphs.

## VII.
## ANSWER TO SIXTH CAUSE OF ACTION FOR ESTOPPEL AS TO GEICO

33. Answering paragraph 54, Erik Stentz incorporates his responses to the allegations contained in Paragraphs 1 through 53 of Plaintiffs' Complaint.

34. Answering paragraphs 54 through 56, this cause of action is not directed toward Erik Stentz, however, to the extent any allegations contained in these paragraphs pertain either directly or indirectly to Erik Stentz, Erik Stentz denies those allegations.

## VIII.
## ANSWER TO SEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Answering paragraph 57, Erik Stentz incorporates his responses to the allegations contained in Paragraphs 1 through 56 of Plaintiffs' Complaint.

36. Answering paragraphs 58 through 61, Erik Stentz denies the allegations set forth in these paragraphs.

## IV.
## ANSWER TO PLAINTIFFS' PRAYER FOR JUDGMENT

37. Erik Stentz denies that Plaintiffs are entitled to recover any type of damages in this case including, but not limited to, compensatory, special, restitutionary and/or punitive damages. Erik Stentz further denies that Plaintiffs are entitled to recover attorneys' fees, interest and/or costs. Finally, Erik Stentz denies that Plaintiffs are entitled to recover any type of equitable or non-equitable relief in this case.

/ / /
/ / /
/ / /
/ / /
/ / /

# X.

# **AFFIRMATIVE DEFENSES**

38. Erik Stentz is informed and believes that the Complaint, and each separate cause of action alleged in it, fails to state facts sufficient to constitute a cause of action against Erik Stentz.

39. Erik Stentz is informed and believes that Plaintiffs have failed to allege any injury to their business and/or property and, therefore, Plaintiffs are not entitled to recover any damages in this action.

40. Erik Stentz is informed and believes that Plaintiffs have failed to exhaust administrative and other remedies.

41. Erik Stentz is informed and believes that Plaintiffs' claims are barred by the applicable statutes of limitation.

42. Erik Stentz is informed and believes that Plaintiffs have failed to mitigate their claimed damages.

43. Erik Stentz is informed and believes that Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel and/or waiver, issue preclusion, claim preclusion and lack of clean hands.

44. Erik Stentz is informed and believes that Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

45. Erik Stentz is informed and believes that Plaintiffs' claims are barred because their claimed damages are the result of: (1) Plaintiffs' own conduct; or, (2) the conduct of others over which Erik Stentz had no authority or control.

46. Erik Stentz alleges all affirmative defenses contemplated in Rule 8(c), Fed. R. Civ. P., including, but not limited to, failure of consideration, laches, license, payment, release, waiver, and any other matter constituting an avoidance or affirmative defense.

47. Erik Stentz is informed and believes that there was never any contract, or privity of contract, between Plaintiffs and GEICO that would allow Plaintiffs to bring the claims alleged in this matter.

48. Erik Stentz is informed and believes that Plaintiffs lack the necessary relationship with GEICO, contractual or otherwise, to pursue their claims in this instance, and have suffered no actual harm based on the conduct alleged.

49. Erik Stentz is informed and believes that he did not engage in any wrongful, intentional conduct designed to disrupt or interfere with any alleged contract or business relationship between Plaintiffs and GEICO.

50. Erik Stentz is informed and believes that he did not ever discriminate against Plaintiffs in the alleged making, performance, modification, and/or termination of any alleged contract, or the enjoyment of any alleged benefits, privileges, terms, and conditions of any alleged contractual relationship with Plaintiffs and, therefore, Plaintiffs' cause of action under 42 U.S.C. §1981 fails as a matter of law.

51. Erik Stentz is informed and believes that he did not ever deny Plaintiffs any alleged accommodation, advantage, facility, privilege or service on the basis of sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status or sexual orientation and, therefore, Plaintiffs' cause of action under the Unruh Civil Rights Act, California Civil Code §51, fails as a matter of law.

52. Erik Stentz is informed and believes that to the extent Plaintiffs claim they relied on any representations allegedly made to them by GEICO, Erik Stentz, and/or anyone else involved in this action, Plaintiffs' alleged reliance on those representations was unjustified.

53. Erik Stentz is informed and believes that Plaintiffs cannot establish any economic damages under any of their claims for relief with reasonable certainty.

54. Erik Stentz is informed and believes that Plaintiffs' Complaint fails to allege facts that would entitle Plaintiffs to punitive damages.

55. Erik Stentz is informed and believes that Plaintiffs' claim for punitive damages violates Erik Stentz' right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 7, of the California Constitution, in that: (i) neither Civil Code Section 3294 nor any other

provision of California law provides an adequate or meaningful standard for determining the nature of the conduct upon which an award of punitive damages may be based, or for determining or reviewing the amount of a punitive damage award; and (ii) neither Civil Code Section 3294, nor any other provision of California Law, provides adequate procedural safeguards for the imposition of punitive damages, including, but not limited to,

      a)     imposing such damages only upon the presentation of evidence beyond a reasonable doubt;

      b)     protecting the defendant's privilege against self incrimination;

      c)     providing for a unanimous jury verdict as to the punitive damages portion of any adverse judgment.

56. Erik Stentz is informed and believes that the imposition of punitive damages in this case would violate GEICO's right to protection from "excessive fines" as provided in Article 1, Section 17 of the California Constitution.

57. Erik Stentz is informed and believes that the imposition of punitive damages in this case would violate the Commerce Clause of the United States Constitution.

58. Erik Stentz is informed and believes that Plaintiffs' punitive damage claim is preempted by federal law.

59. Erik Stentz reserves the right to raise additional defenses as may be available upon further discovery and under applicable substantive law.

## **PRAYER**

1. WHEREFORE, Erik Stentz respectfully prays as follows:
2. For dismissal of the Complaint with prejudice;
3. For judgment in favor of Erik Stentz and against Plaintiffs;
4. For costs of suit incurred herein; and

1      5.    For such other and further relief as the Court may deem just and proper.

Dated: June 4, 2008        SNELL & WILMER L.L.P.

By: /s// Daniel S. Rodman
    Sheila Carmody
    Robert J. Gibson
    Daniel S. Rodman
    Attorneys for Defendants GEICO
    Casualty Company, GEICO Indemnity
    Company, GEICO General Insurance
    Company, and Erik Stentz

**Snell & Wilmer**
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On June 4, 2008 I served, in the manner indicated below, the foregoing

**DEFENDANT ERIK STENTZ'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

on the interested parties in this action by:

| **PLAINTIFF'S COUNSEL** | Robert David Baker, Esquire<br>Tim Reed, Esquire<br>LAW OFFICES OF ROBERT DAVID BAKER<br>1611 The Alameda<br>San Jose, California 95126<br>408.292.8555<br>408.292.0703, fax |
|---|---|

  X    BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 45, electronic filing constitutes service upon the parties.

  X    FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on June 4, 2008, at Costa Mesa, California.

//s//
Cheryl Wynn

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000