Robert J. Gibson (#144974)
Daniel S. Rodman (#156156)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000
hgibson@swlaw.com
drodman@swlaw.com

Attorneys for Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company, (*erroneously sued as GEICO Insurance*), and Erik Stentz (*erroneously sued as Erick Stentz*)

Robert David Baker (#87314)
Tim Reed (#242578)
LAW OFFICES OF ROBERT DAVID BAKER
1611 The Alameda
San Jose, California 95126
(408) 292-8555

Attorneys for Plaintiffs Shayan Mesbahi, Mohammad Mesbahi, Moshen Toolami, MTM Automotive Corp., dba Auto Tech Collision Center

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHAYAN MESBAHI, MOHAMMAD MESBAHI, MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP., dba AUTO TECH COLLISION CENTER<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INSURANCE, ERIKK STENTZ, DOES 1-20,<br><br>Defendants. | CASE NO. C07 05772 JF<br><br>Honorable Jeremy Fogel<br>Dept.: 3<br><br>Originally filed in the Superior Court for the State of California, County of Santa Clara<br>Case No.: 107CV095590<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:  July 11, 2008<br>Time:  10:30 a.m.<br>Courtroom:  3<br><br>Complaint Filed: October 2, 2007<br>Trial Date:  None |

8570372.2                                                                                   CASE NO. C07 05772 JF
JOINT CASE MANAGEMENT STATEMENT

**I.**

**JURISDICTION AND SERVICE**

This action is a civil action of which this Court has original, federal question jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4), because Plaintiffs' fourth cause of action alleges racial and national origin discrimination in violation of 42 U.S.C. §1981. In particular, 42 U.S.C. §1981 is a federal equal protection statute. According to the Complaint, Plaintiffs' Fourth Cause of Action alleges that GEICO violated 42 U.S.C. §1981 when GEICO allegedly "eliminated" Auto Tech Collision Center from GEICO's Repair Express program based upon Plaintiffs' Persian ancestry. *See*, Complaint at ¶¶41-43. All of Plaintiffs' other causes of action are premised upon GEICO and/or its employee, Erik Stentz's, alleged racial and/or national origin "animus" toward Plaintiffs. *See*, Complaint at ¶¶24, 32, 38, 49, 56, 58.

A District Court has original, federal question jurisdiction of a 42 U.S.C. §1981 claim under 28 U.S.C. §1343(a)(4), which provides in pertinent part, "The District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . to recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights." Original federal question jurisdiction also exists under 28 U.S.C. §1331 which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1367 provides that the Court can assert supplemental jurisdiction over a plaintiff's state-law claims if it has original jurisdiction over at least one of the plaintiff's other claims.

"If a party seeking to invoke federal jurisdiction asserts a substantial claim under [42 U.S.C. Section] 1981, then the jurisdictional prerequisite is satisfied." *Chasis v. Progress Manufacturing Co*. (3rd. Cir. 1967) 382 F. 2d 773, 776. *See also*, *Courtney v. Canyon Television & Appliance Rental, Inc*. (9th Cir. 1990) 899 F. 2d 845, 848 (holding that the district court had federal question jurisdiction of plaintiffs' 42 U.S.C. §1981 claim under 28 U.S.C. §1343(a)(4), and had supplemental jurisdiction over plaintiffs' state

claims; *Gray v. Aramark* (2007 SD TX) 2007 U.S. Dist. LEXIS 37171 (holding that when a complaint unambiguously states a claim under 42 U.S.C. §1981, the court has federal question jurisdiction.); *Negrete v. Maloof Distrib. LLC* (2006 ND NM) 2006 U.S. Dist. LEXIS 95232 (holding that claims under 42 U.S.C. §1981 require invocation of jurisdiction under the general federal question statute, 28 U.S.C. §1331.); *Cabell v. Chavez-Salido* (1982) 454 U.S. 432, 434, n. 4 (stating that district court correctly concluded that plaintiffs stated a claim under 42 U.S.C. §1981 with jurisdiction in the federal district court under 28 U.S.C. §1331.)

As pled, and without admitting the legal sufficiency of Plaintiffs' claims, Plaintiffs' Complaint unambiguously states a cause of action under 42 U.S.C. §1981. *See*, Complaint at ¶¶40-46. Accordingly, this Court has original, federal question jurisdiction over Plaintiffs' fourth cause of action, and supplemental jurisdiction over Plaintiffs' other related, state-law causes of action.

No issues exist regarding personal jurisdiction. All named parties have now been served.

## II.
## FACTS

**Plaintiffs' Contentions**:

Auto Tech Collision Center began operation in January 1992. In 2000, Auto Tech began working as a repair shop with GEICO. Between 2000 and 2004, Auto Tech performed work in an exemplary manner for GEICO. In 2004, Auto Tech became GEICO's only area repair Xpress shop. In November 2006, an authorized managerial employee of GEICO represented to Auto Tech that as long as Auto Tech continues to perform in a satisfactory manner for GEICO, GEICO would maintain two on-site adjusters at Auto Tech's premises. Moreover, that both adjusters would be maintained on-site even if GEICO adds another area Xpress shop.

In December 2006, Erik Stentz became the GEICO Area Manager. Plaintiff Shayan Mesbahi knew Erik Stentz when Erik Stentz worked for Farmer's Insurance in

1990 as an adjuster. At that time, Erik Stentz was an adjuster for Farmers Insurance and was acquainted with Plaintiff Shayan Mesbahi and his then-partner, both of Persian origin. Upon becoming GEICO Area Manager, Erik Stentz criticized Auto Tech's performance. Within four months of Stentz's hire as GEICO's Area Manager, Stentz pulled GEICO's on-site adjusters from Auto Tech's premises. As a result of the removal of the adjusters from Auto Tech's premises, by June 2007, Auto Tech was forced to lay off a substantial number of employees. Auto Tech in informed and believes that Eric Stentz's conduct was motivated by animus toward Persians.

**GEICO and Erik Stentz's Contentions**: GEICO and Erik Stentz deny Plaintiffs' allegations of wrongdoing and/or improper conduct as set forth in Plaintiffs' Complaint and their contentions above. For a certain period of time, Auto Tech was a GEICO Auto Repair Xpress shop in Santa Clara County; however, there existed no contract between GEICO and Plaintiffs concerning the terms, conditions, or duration of Auto Tech's designation as a GEICO Auto Repair Xpress shop. Consequently, there existed no covenant of good faith and fair dealing between Plaintiffs and GEICO that could be breached by GEICO, as alleged in Plaintiffs' Third Cause of Action. *See*, Complaint at ¶¶36-39. There also existed no contract that could be intentionally or wrongfully interfered with by Erik Stentz, as alleged in Plaintiffs' First Cause of Action. *See*, Complaint at ¶¶23-29.

GEICO contends that it did not discriminate against Plaintiffs as alleged in Plaintiffs' Fourth and Fifth Causes of Action, and that Plaintiffs' participation in the Auto Repair Xpress program was terminated by GEICO for legitimate business reasons. GEICO further denies that any representations were ever made to Plaintiffs concerning whether other auto repair facilities in the San Francisco Bay area would be designated to participate in GEICO's Auto Repair Xpress program, as alleged in Plaintiffs' Sixth Cause of Action, or that GEICO participated in willful, malicious, or fraudulent behavior as alleged in Plaintiffs' Seventh Cause of Action.

Erik Stentz contends that he did not engage in any intentional, wrongful conduct individually, or on behalf of GEICO, as alleged in Plaintiffs' First and Second Causes of Action. Erik Stentz further contends that he did not ever discriminate against Plaintiffs as alleged in Plaintiffs' Fourth and Fifth Causes of Action.

## III.
## LEGAL ISSUES

**Plaintiffs' Disputed Points of Law:**

1. Whether the individual Defendant, Erik Stentz, interfered with Plaintiffs' perspective economic advantage with GEICO under the agreements between Plaintiffs' and GEICO;

2. Whether the interference was the proximate cause of Plaintiffs' damages;

3. Whether the individual Defendant, Erik Stentz interfered with Plaintiffs' contract with GEICO for the repair of automobiles;

4. Whether the interference was the proximate cause of damage to Plaintiffs;

5. Whether GEICO breached its duty of good faith and fair dealing to Plaintiffs under the agreements between Plaintiffs and GEICO;

6. Whether GEICO, through its agent and employee Erik Stentz, treated Plaintiffs differently from similarly situated other repair shops due to their Persian ancestry;

7. Whether GEICO's articulated reason for eliminating Plaintiffs shop as an auto repair shop doing business with GEICO was a pretext for discrimination;

8. Whether GEICO denied Plaintiffs the equal accommodations, advantages, facilities, privileges, or services, with respect to making contracts and agreements based upon Plaintiffs' Persian ancestry, pursuant to California Civil Code § 51 (Unruh Civil Rights Act);

9. Whether GEICO is estopped from denying Auto Tech business under representations made by authorized agents of GEICO;

10. Whether the conduct of GEICO is extreme and outrageous so as to constitute intentional infliction of emotional distress.

**GEICO's Disputed Points of Law**:

1. There was never any contract, or privity of contract, between Plaintiffs and GEICO that would allow Plaintiffs to bring the claims alleged in this matter.

2. Erik Stentz did not interfere, intentionally or otherwise, with any alleged contract or business relationship between Plaintiffs and GEICO.

3. GEICO and Erik Stentz did not discriminate against Plaintiffs in the alleged making, performance, modification, and/or termination of any contract, or the enjoyment of any alleged benefits, privileges, terms, and conditions of any alleged contractual relationship with Plaintiffs and, therefore, Plaintiffs' cause of action under 42 U.S.C. §1981 fails as a matter of law.

4. GEICO and Erik Stenz did not deny Plaintiffs any alleged accommodation, advantage, facility, privilege or service on the basis of sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status or sexual orientation and, therefore, Plaintiffs' cause of action under the Unruh Civil Rights Act, California Civil Code §51, fails as a matter of law.

5. Plaintiffs have not suffered any injury to their business and/or property as a result of any action or inaction on the part of GEICO and/or Erik Stentz and, therefore, Plaintiffs are not entitled to recover any damages or other relief against GEICO and/or Erik Stentz.

## IV.

## MOTIONS

There are no pending motions at this time. Plaintiffs do not now anticipate no substantive motions. GEICO and Erik Stenz anticipate filing a Motion for Summary Judgment as to Plaintiffs' claims against GEICO and Erik Stentz.

# V.

# AMENDMENT OF PLEADINGS

None of the parties anticipate filing amended pleadings at this time.

# VI.

# EVIDENCE PRESERVATION

The parties have been instructed by their counsel of record to preserve all evidence that may be relevant to this action. The parties will comply with all applicable statutes and regulations concerning the preservation of evidence in this action.

# VII.

# DISCLOSURES

The parties timely complied with Federal Rule of Civil Procedure 16(f). Plaintiffs and GEICO agreed that Rule 26(f) Initial Disclosures would be made on or before March 14, 2008.

On March 13, 2008, GEICO served its Initial Disclosure Statement on Plaintiffs. After answering the Complaint, on June 23, 2008, Erik Stentz served his Initial Disclosure Statement on Plaintiffs.

GEICO and Erik Stentz have not received Plaintiffs' Initial Disclosure Statement.

# VIII.

# DISCOVERY

GEICO has served written discovery on Plaintiffs, and Plaintiffs have served written discovery on GEICO and Erik Stentz. Depositions will be taken of Plaintiffs, Erik Stentz, fact witnesses, and persons most knowledgeable at GEICO.

Discovery will be governed by the Federal Rules of Civil Procedure and Local Rules. Discovery will be conducted with respect to the factual and legal issues raised by the complaint.

# IX.

# CLASS ACTIONS

Not applicable. This case is not a class action lawsuit.

# X.

# RELATED CASES

The case has not been ordered related to any other case.

# XI.

# RELIEF

**Damages Sought by Plaintiff:**

Plaintiffs have suffered a substantial loss of revenue as a result of GEICO withdrawing its designation of Plaintiffs' repair shop as a "Xpress" repair shop. Plaintiffs have suffered further economic damage.

**GEICO and Erik Stentz' Statement Regarding Damages**:

Plaintiffs have not provided GEICO and/or Erik Stentz with any documents or other information that support their damages claim. GEICO and Erik Stentz believe that Plaintiffs' claimed damages are speculative, and that Plaintiffs cannot show that any conduct on the part of GEICO and/or Erik Stentz proximately caused Plaintiffs' claimed damages. Since discovery is continuing, it is too early to determine how damages in this action should be calculated, to the extent any are awarded to Plaintiffs.

# XII.

# SETTLEMENT AND ADR

On February 26, 2008, the Court set an ADR completion date for July 21, 2008. Discovery has not progressed to the point that a mediation would be productive. Furthermore, Erik Stentz only recently appeared in the action. Accordingly, although the parties request that the Court continue the ADR completion date to October 31, 2008.

# XIII.

# CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a Magistrate Judge for all purposes.

# XIV.
# OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

# XV.
# NARROWING OF ISSUES

GEICO and Erik Stentz believe it is premature at this point to discuss narrowing the issues by agreement or motion. Following the completion of fact discovery, the parties agree to meet and confer concerning the narrowing of Plaintiffs' claims and other issues.

# XVI.
# EXPEDITED SCHEDULE

The parties do not believe this case can or should be handled on an expedited basis.

# XVII.
# SCHEDULING

The parties propose the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| Designation of experts: | January 31, 2009 |
| Fact Discovery cut-off: | January 31, 2009 |
| Expert Discovery cut-off: | April 30, 2009 |
| Dispositive Motion cut-off: | April 30, 2009 |
| Pretrial conference: | April 2009 |
| Trial: | May 2009 |

# XVIII.
# TRIAL

The parties request that this case be tried to a jury. Although it is premature at this point to propose an expected length of trial, the parties anticipate that the trial of this matter will last approximately 5-7 days.

## XIX.

## **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

GEICO and Erik Stentz have filed with the Court a Notice of Non-Party Interested Entities or Persons identifying the following entities and persons who have an interest in the proceeding: GEICO General Insurance Company; Government Employees Insurance Company; GEICO Indemnity Insurance Company; GEICO Casualty Insurance Company; Berkshire Hathaway, Inc.; Erik Stenz; and Plaintiffs Shayan Mesbahi, Mohammad Mesbahi, Moshen Toolami, and MTM Automotive Corp. dba Auto Tech Collision Center.

## XX.

## **OTHER MATTERS THAT MAY FACILITATE DISPOSITION OF THE MATTER**

It is premature at this point to discuss and/or determine other matters that may facilitate the just, speedy and/or inexpensive disposition of this matter.

Dated: June 27, 2008                LAW OFFICES OF ROBERT DAVID BAKER

                                    By://s//Robert David Baker
                                        Robert David Baker
                                        Tim Reed
                                        Attorneys for Plaintiffs

Dated: June 27, 2008                SNELL & WILMER L.L.P.

                                    By://s//Daniel S. Rodman
                                        Robert J. Gibson
                                        Daniel S. Rodman
                                        Attorneys for Defendants GEICO
                                        Casualty Company, GEICO Indemnity
                                        Company, GEICO General Insurance
                                        Company and Erik Stentz

<u>PROOF OF SERVICE</u>

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On June 27, 2008 I served, in the manner indicated below, the foregoing

**JOINT CASE MANAGEMENT STATEMENT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF'S COUNSEL** | Robert David Baker, Esquire<br>Tim Reed, Esquire<br>LAW OFFICES OF ROBERT DAVID BAKER<br>1611 The Alameda<br>San Jose, California 95126<br>408.292.8555<br>408.292.0703, fax |
|---|---|

__X__  BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 45, electronic filing constitutes service upon the parties.

__X__  FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on June 27, 2008, at Costa Mesa, California.

                            //s//Cheryl Wynn
                            Cheryl Wynn

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8570372.2     11     CASE NO. C07 05772 JF
JOINT CASE MANAGEMENT STATEMENT