Robert J. Gibson (#144974)
Daniel S. Rodman (#156156)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000
hgibson@swlaw.com
drodman@swlaw.com

Attorneys for Defendants GEICO Casualty
Company, GEICO Indemnity Company, and
GEICO General Insurance Company,
(*erroneously sued as GEICO Insurance*), and
Erik Stentz (*erroneously sued as Erick Stentz*)

Robert David Baker (#87314)
Tim Reed (#242578)
LAW OFFICES OF ROBERT DAVID BAKER
1611 The Alameda
San Jose, California 95126
(408) 292-8555

Attorneys for Plaintiffs Shayan Mesbahi,
Mohammad Mesbahi, Moshen Toolami, MTM
Automotive Corp., dba Auto Tech Collision
Center

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

| | |
|---|---|
| SHAYAN MESBAHI, MOHAMMAD MESBAHI, MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP., dba AUTO TECH COLLISION CENTER<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INSURANCE, ERIKK [sic] STENTZ, DOES 1-20,<br><br>Defendants. | CASE NO. C07 05772 JF<br><br>Honorable Jeremy Fogel<br>Courtroom 3<br><br>**JOINT RULE 26(F) REPORT**<br><br>CMC Date:         July 11, 2008<br>Date of Removal: November 14, 2007<br>Trial Date:        None |

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 26-1, the parties to this action submit the following Joint Rule 26(F) Report in

8575016                                                                                   CASE NO. C07 05772 JF
JOINT RULE 26(F) REPORT

accordance with FRCP 26 and in preparation for the Case Management Conference to be held on July 11, 2008, at 10:30 a.m., before the Honorable Jeremy Fogel, in Courtroom 3.

    1.    <u>FRCP Rule 26 Meeting</u>.  Pursuant to <u>FRCP</u> 26(f), a meeting was held on February 8, 2008 to discuss the status of the case and a discovery plan.  Robert David Baker appeared on behalf of Plaintiffs Shayan Mesbahi, Mohammad Mesbahi, Moshen Toolami, and MTM Automotive Corp., dba Auto Tech Collision Center ("Plaintiffs").  Daniel S. Rodman appeared on behalf of defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company (collectively, "GEICO").  Defendant Erik Stentz had not been served with the Complaint at that time.

    2.    <u>Initial Disclosures</u>.  Plaintiffs and GEICO agreed that Rule 26(f) Initial Disclosures would be made on or before March 14, 2008.  On March 13, 2008, GEICO served its Initial Disclosure Statement on Plaintiffs.  On June 23, 2008, Erik Stentz served his Initial Disclosure Statement on Plaintiffs.  GEICO and Erik Stentz have not received Plaintiffs' Initial Disclosure Statement.

    3.    <u>Discovery</u>.  The parties jointly propose the following discovery plan to the Court:  Discovery will be conducted on the following general subjects, among others:

        (a)    Whether any alleged contract ever existed between GEICO and Plaintiffs concerning the terms, conditions, or duration of Auto Tech's designation as a GEICO Auto Repair Xpress shop;

        (b)    Whether Erik Stentz ever interfered, intentionally or otherwise, with any alleged contract or business relationship between Plaintiffs and GEICO;

        (c)    Representations that were allegedly made to Plaintiffs concerning whether other auto repair facilities in the San Francisco Bay area would be designated to participate in GEICO's Auto Repair Xpress program;

        (d)    Whether GEICO and/or Erik Stentz ever discriminated against Plaintiffs in the alleged making, performance, modification, and/or

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

termination of any contract, or the enjoyment of any alleged benefits, privileges, terms, and conditions of any alleged contractual relationship with Plaintiffs;

(e) Whether GEICO and/or Erik Stenz ever denied Plaintiffs any alleged accommodation, advantage, facility, privilege or service on the basis of race, color, religion, ancestry, national origin, and/or ethnicity;

(f) Plaintiffs' business operations, including Plaintiffs' auto repair cycle times during the relevant time period;

(g) Economic damages, emotional distress, and other injuries and damages that Plaintiffs seek to recover in this action;

(h) Specific Items of Discovery Contemplated by the Parties:

    a. Plaintiffs

      (1) Discovery will be conducted with respect to the factual and legal issues raised by the Complaint.

    b. GEICO and Erik Stentz

      (1) Written discovery to Plaintiffs;

      (2) Deposition of Plaintiffs;

      (3) Deposition of fact witnesses;

      (4) Expert discovery

    c. All non-expert discovery shall be completed by January 31, 2009.

4. Expert Discovery.

(a) Pursuant to FRCP 26, Plaintiffs' disclosure of experts, including expert reports, shall be due on January 31, 2009.

(b) Pursuant to FRCP 26, GEICO and Erik Stentz's disclosure of experts, including expert reports, shall be due on January 31, 2009.

  (c) The parties' supplemental expert disclosure, if necessary, will be due on February 5, 2009, and must be limited to those areas not covered by prior expert disclosures.

  (d) Expert discovery shall be completed by April 30, 2009.

5. <u>Joinder of Additional Parties</u>.

  (a) All additional parties must be joined no later than 90 days after the filing of the Joint Rule 26(F) Report.

6. <u>Motions</u>.

  (a) All dispositive motions shall be filed no later than April 30, 2009.

  (b) All motions in limine shall be keyed to the trial date in accordance with <u>FRCP</u> 16.

7. <u>Settlement/Mediation</u>.

On February 26, 2008, the Court set an ADR completion date for July 21, 2008. The parties have not completed sufficient discovery to this date make a mediation productive. Further, Erik Stentz has recently appeared in the action. Accordingly, although the parties agreed to participate in private mediation, any mediation on or before July 21 would not be productive or meaningful at this time. The Parties request that the Court continue the ADR completion date to October 31, 2008.

8. <u>Court Conferences/Hearings</u>.

  (a) The Court has set a Case Management Conference for July 11, 2008, in Courtroom 3 of the above-entitled court.

  (b) The parties request that a final pre-trial conference be held 30 days prior to trial.

9. <u>Complex Case</u>.

  (a) This case should <u>not</u> be deemed complex.

10. <u>Trial</u>.

  (a) The case should be ready for trial by May 2009.

      (b)    The parties anticipate the trial to last approximately 5-7 days.

Dated: June 27, 2008                      LAW OFFICES OF ROBERT DAVID BAKER

By://s//Robert David Baker
    Robert David Baker
    Attorneys for Plaintiffs

Dated: June 27, 2008                      SNELL & WILMER L.L.P.

By://s//Daniel S. Rodman
    Robert J. Gibson
    Daniel S. Rodman
    Attorneys for Defendants
    GEICO Casualty Company,
    GEICO Indemnity Company, GEICO
    General Insurance Company and Erik
    Stentz

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

<u>PROOF OF SERVICE</u>

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On June 27, 2008 I served, in the manner indicated below, the foregoing

**JOINT RULE 26(F) REPORT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF'S COUNSEL** | Robert David Baker, Esquire<br>Tim Reed, Esquire<br>LAW OFFICES OF ROBERT DAVID BAKER<br>1611 The Alameda<br>San Jose, California 95126<br>408.292.8555<br>408.292.0703, fax |
|---|---|

__X__  BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 45, electronic filing constitutes service upon the parties.

__X__  FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on June 27, 2008, at Costa Mesa, California.

                                //s//Cheryl Wynn
                                Cheryl Wynn