Robert J. Gibson (#144974)
Daniel S. Rodman (#156156)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000
hgibson@swlaw.com
drodman@swlaw.com

Attorneys for Defendants GEICO GENERAL
INSURANCE COMPANY; GEICO CASUALTY
COMPANY, GEICO INDEMNITY COMPANY
and GOVERNMENT EMPLOYEES INSURANCE
COMPANY, erroneously sued as GEICO

*E-FILED 10/8/2008*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

| | |
|---|---|
| SHAYAN MESBAHI, MOHAMMAD MESBAHI, MOSHEN TOOLAMI, MTM AUTOMOTIVE CORP., dba AUTO TECH COLLISION CENTER<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INSURANCE, ERIK STENTZ, DOES 1-20,<br><br>Defendants. | CASE NO. C07 05772 JF<br><br>Honorable Jeremy Fogel<br>Dept.: 3<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE PARTIES' CONFIDENTIAL AND PROPRIETARY DOCUMENTS AND OTHER INFORMATION**<br><br>Complaint Filed: October 2, 2007<br>Trial Date: None |

(MODIFIED BY THE COURT)

By way of Stipulation, the parties to this matter have demonstrated the need for a protective order from this Court to protect and govern confidential, proprietary and other sensitive personal and financial information of the parties to this litigation. The Court agrees that an order is necessary in this case to protect the confidential financial and personal information of the parties, and to permit the flow of documents and information in discovery. Accordingly, it is hereby agreed upon by the parties, and ordered by the Court, as follows:

# ARTICLE 1

## DEFINITIONS

1.1   "Material" refers to any document within the meaning of the term as set forth in Federal Rule of Civil Procedure 34(a), including but not limited to writings, drawings, graphs, charts, photographs, and data compilations, as well as testimony, formal or informal discovery responses, electronic files or data, or other information in any form produced or disclosed in this action, whether voluntarily or through any means of discovery, and whether by a party or non-party to this action.

1.2   "Confidential Information" refers to any information that is personal or proprietary in nature that involves trade secrets, trade or business methodology, business plans, pricing information, competitively-sensitive information, financial information, and personal or private information that is of a confidential and non-public nature.

1.3   "Disclosing Party" refers to a party to this action who produces Material and/or information.

1.4   "Designating Party" refers to a party to this action who designates Material or information as Confidential.

1.5   "Requesting Party" refers to a party to this action who has made a discovery request for Material and/or information.

1.6   "Receiving Party" refers to a party to this action who receives Material and/or information.

# ARTICLE 2

## SCOPE OF PROTECTIVE ORDER

2.1   To be subject to the particular confidentiality protections of this Order, Material or information must: (1) be confidential within the meaning of Sections 1.2 or 1.3 of this Order; and (2) be designated Confidential pursuant to Article 3 of this Order.

2.2   The protections and restrictions of this Order shall not apply to Material or information that was or is already in the public domain (other than Material or information that became part of the public domain as a result of violation of this or another protective

Order or a breach of confidentiality) or to Material or information possessed or acquired by discovery independent of Materials or information designated as Confidential in this Action.

## ARTICLE 3

## DESIGNATION OF MATERIAL AS CONFIDENTIAL

3.1   Methods of Designation

3.1.1   Any party to this litigation who produces information in this litigation may designate Material or information as Confidential if the party designating the Material or information reasonably believes that the designated Material is not already in the public domain, and has a reasonable good faith belief that the information so designated constitutes Confidential Information as defined in this Order and that protection is warranted. A party may designate Material or information as Confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the words "CONFIDENTIAL" or "RESTRICTED FROM DISCLOSURE" or by giving written notice to all parties to this Action of the designation.

3.1.2   If an interrogatory or other discovery request calls for Confidential Material, the confidential portion of the response shall be provided in a separate document appended to the main body of the responses and incorporated by reference therein. In the main body of the response to the interrogatory or written discovery request, the response shall state: "Requests information that is restricted from disclosure; *see* response contained in addendum, which response is incorporated herein by reference."

3.1.3   If a party wishes to designate a transcript of a deposition, hearing, or trial in this matter or any portion of a transcript as Confidential, it may do so by stating such designation on the record at the time of the deposition, hearing, or trial. A party may also designate all or a portion of such a transcript as Confidential by notifying all parties in writing of the designation with reference to specific page and line numbers. When a party designates all or a portion of a transcript as Confidential, it shall make

arrangements with the attending court reporter to label the cover page of the transcript with the designation "Confidential" and to mark the Confidential portions in the transcript with an indication to reflect their designation and the restrictions on the use of the information. The Designating Party shall make such designations and arrangement within thirty (30) days after receipt of the complete transcript or a copy thereof.

    3.1.4  When Confidential Material or information is supplied or stored on an electronic, digital, or magnetic medium, the confidentiality designation shall be made on the medium itself (such as on a label attached to a disk) to the extent physically possible or, if that is not physically possible, then on the sleeve, envelope, box, or other container of the medium, and within the medium itself in a manner that immediately and consistently informs those persons who access the medium that they have accessed Material or information that is restricted from disclosure.

    3.1.5  A party may designate Material or information as Confidential at any time during the pendency of this Action. A party may also withdraw or change its designation of Confidential Information at any time during the pendency of this Action. In the event that any party makes a designation after initial disclosure or production of Material or information or a change of designation with respect to Confidential Information, it must provide, within a reasonable period of time, written notice to all Receiving Parties of its designation or change in designation. Upon such notice, all Receiving Parties must treat all Material or information subject to the new designation as if the Designating Party had made that designation at the time of the initial disclosure or production of the Material or information.

    3.1.6  Whenever a party makes a designation of Material or information as Confidential, that designation shall constitute a representation by the party making the designation that it has made a good faith determination that the Material or information so designated constitutes Confidential Information as defined in Section 1.2 of this Order.

3.1.7    The failure of any party to challenge the designation of information or Material as Confidential at the time of designation shall not be deemed a waiver of the right to challenge the propriety of such designation at any time during these proceedings.

3.2    Challenges to Confidentiality Designations

3.2.1    In the event that a Receiving Party disputes the designation of Material or information as Confidential, it must first raise the dispute with the Designating Party. The parties shall then meet and confer in a good faith attempt to resolve the dispute. If the parties are unable to resolve their dispute, the Receiving Party may challenge the Confidential designation by making an appropriate motion to this Court. Upon such a motion, the Designating Party shall bear the burden of proving that good cause exists under Federal Rule of Civil Procedure 26(c) for designating the Material or information at issue as Confidential. On such a motion, the Court may find that the information is not subject to protection under this Order or is Confidential Information and subject to protection under this Order.

3.2.2    Pending ruling on a motion under Section 3.2.1, the Receiving Party shall continue to treat the Material or information in question in accordance with its designation as Confidential under this Order.

3.2.3    The failure of any party to challenge the designation of Material or information as Confidential at the time of disclosure or designation shall not be deemed a waiver of its right to challenge the propriety of such designation at any time.

## ARTICLE 4

## DISCLOSURE, USE, AND HANDLING OF MATERIAL DESIGNATED AS CONFIDENTIAL

4.1    Use and Handling of Confidential Material

4.1.1    Material or information designated as Confidential in accordance with this order shall not be used or disclosed for any purpose other than the prosecution or defense of this action, including appeals. This Order's restrictions on the

1  dissemination of Confidential Information apply with equal force to any excerpt, analysis, summary, or description of the Confidential Information, as well as any portion of any brief, pleading, exhibit, transcript, or other document that contains or reveals the substance of such Confidential Information.

4.1.2  **Unless otherwise ordered by the court,** The Receiving Party shall limit access to and use of Material and information that is designated as Confidential Information by any other party to the following persons:

(a) The Court and court personnel as part of proceedings in connection with this litigation;

(b) Counsel to the parties, and attorneys and/or employees of their firms, if any, who are performing legal services in connection with this litigation;

(c) A designated representative or representatives of a party to this Protective Order who has a need to review Confidential Material or information in connection with the litigation;

(d) Court reporters before whom depositions or other proceedings are conducted in this action;

(e) Experts, consultants, or investigators retained by the parties or counsel to assist in preparing for or conducting proceedings in this action, in the manner provided in this Section; and,

(f) Witnesses at depositions or trial, or counsel to those witnesses.

4.1.3  Any persons identified in Sections 4.1.2 (e) and (f) to whom Confidential Information is to be disclosed or made available shall be given a copy of this Order and shall execute an Acknowledgment in the form attached hereto as Exhibit A prior to being given access to such Confidential Information. Such Acknowledgment shall be kept in the possession of the party that seeks to disclose Confidential Information to such person. By their signature to this Order, the parties and their counsel shall be

1  deemed to have executed an Acknowledgment in the form of Exhibit A and thereby shall
2  have agreed to be bound by the Order.
3           4.1.4    Any party that includes Confidential Material or information in
4  any filing with the Court (including pleadings, discovery responses, exhibits, hearing,
5  deposition, or trial transcripts) shall **comply with Civil Local Rule 79-5.** ~~make the filing under seal in accordance with this~~
6  ~~Order. The filing party shall file the document or papers in a sealed envelope that has~~
7  ~~attached to it a cover page with the following information:~~
8           ~~(a)   the caption of this action, including the case name and~~
9                 ~~number;~~
10          ~~(b)   An indication of the nature of the contents of the sealed~~
11                ~~envelope, including the title of the documents or papers;~~
12          ~~(c)   the words "CONFIDENTIAL MATERIAL-FILED UNDER~~
13                ~~SEAL."~~
14          ~~(d)   A statement in the following form:~~
15  ~~This envelope is sealed pursuant to court order and contains~~
16  ~~confidential information filed in this case by [name of disclosing~~
17  ~~party] and is not to be opened or the contents displayed or inspected~~
18  ~~except by the parties to this suit, their counsel, court personnel, or by~~
19  ~~court order.~~
20          ~~The filing party shall also include a copy of the Protective Order in~~
21  ~~the sealed, filed envelope.~~
22          4.1.5    Nothing in this Order shall prohibit parties or their counsel from
23  transmitting Confidential Information through the mail, by other common carrier, or by
24  non-public telephonic transmission, including directed Internet (*i.e.*, non-broadcast e-
25  mail), so long as the transmission complies with the other aspects of this Order. Under no
26  circumstances, however, may Material or information protected under this Order be
27  posted on a publicly-available Internet web site.
28

4.1.6    Material or information designated as Confidential in accordance with this order shall not lose its protected status through disclosure, either intentionally or inadvertently, by a Receiving Party. In the event of such disclosure, the parties shall take all steps reasonably required to assure the continued Confidentiality of the Material or information.

4.1.7    Within 90 days of final adjudication, including but not limited to final adjudication of any appeals or petitions or extraordinary writs, all Material or information designated as Confidential in accordance with this Order and not received in evidence or filed with the Court shall be returned to the Disclosing Party at the Disclosing Party's expense. Alternatively, if the Disclosing Party agrees in writing, the Material or information may be destroyed; in which case, the Receiving Party shall certify in writing that it has destroyed all such Material or information in its possession, custody, or control. After return or destruction of all such Confidential Information and Material, this Court shall no longer have jurisdiction to enforce the terms of this Order.

4.2    <u>Permitted Disclosures</u>

4.2.1    If any non-party demands by subpoena or other legal process the production of Confidential Information from a Receiving Party, the Receiving Party shall notify all other parties to this litigation promptly upon receipt of the subpoena or other legal process (and as much in advance of the return date as possible) and use reasonable efforts to maintain confidentiality of such Material or information in the meantime. The party or person receiving the subpoena shall not produce any Confidential Information in response to the subpoena without either the prior written consent of the Designating Party or an order from a court of competent jurisdiction. However, the Designating Party in such case shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under this Section. **Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.**

## ARTICLE 5

**OTHER PROVISIONS**

5.1    If discovery is sought from third parties in connection with this litigation, and this discovery would require a third-party to disclose and/or produce Confidential Information, that third-party may gain the protections of this Protective Order through a written agreement by that third-party to produce documents or information pursuant to this Order and to be bound by it. Under such agreement, the parties to this litigation will be bound by this Order with respect to all Confidential Information produced by the third party.

5.2    This Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

5.3    This Order shall not preclude any party from enforcing its rights against anyone, believed to be violating the party's rights under this Order.

**IT IS SO AGREED.**

Dated: 9/29, 2008

SNELL & WILMER L.L.P.

By: _____
Robert J. Gibson
Daniel S. Rodman
Attorneys for Defendants GEICO
GENERAL INSURANCE COMPANY;
GEICO CASUALTY COMPANY,
GEICO INDEMNITY COMPANY and
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, erroneously
sued as GEICO

8880405.2

CASE NO. C07 05772 JF
STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | Dated: 9-15, 2008 | LAW OFFICES ROBERT DAVID BAKER |
| 2 | | |
| 3 | | By: /s/ Robert David Baker |
| 4 | | Robert David Baker<br>Tim Reed |
| 5 | | Attorneys for Plaintiffs SHAYAN MESBAHI, MOHAMMAD |
| 6 | | MESBAHI, MOSHEN TOOLAMI, AND MTM AUTOMOTIVE CORP., |
| 7 | | dba AUTO TECH COLLISION CENTER |

**PURSUANT TO STIPULATION (AS MODIFIED BY THE COURT), IT IS SO ORDERED.**

Dated: October 8, 2008: _____
The Honorable ~~Jeremy Fogel~~ Howard R. Lloyd
Magistrate Judge of the United States District Court
Northern District of California

8880405.2

CASE NO. C07 05772 JF
STIPULATED PROTECTIVE ORDER

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On October 2, 2008, I served, in the manner indicated below, the foregoing **STIPULATED PROTECTIVE ORDER GOVERNING THE PARTIES' CONFIDENTIAL AND PROPRIETARY DOCUMENTS AND OTHER INFORMATION** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF'S COUNSEL** | Robert David Baker, Esquire<br>Tim Reed, Esquire<br>LAW OFFICES OF ROBERT DAVID BAKER<br>1611 The Alameda<br>San Jose, California 95126<br>408.292.8555<br>408.292.0703, fax |
|---|---|

X   BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 45, electronic filing constitutes service upon the parties.

X   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on October 2, 2008, at Costa Mesa, California.

_____
Christine Dart

CASE NO. C07 05772 JF

STIPULATED PROTECTIVE ORDER